Rec # 200-517367. ORIGINAL

29

APPLICATION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2254 BY A PERSON IN STATE CUSTODY

United States District Court Eastern District of Michigan

Derrick Lee Smith #267009
G. Robert Cotton Correctional Facility
3510 N. Elm Street
Jackson, MI 49201

Case No: 04-74577

DENISE PAGE HOOD

MAGISTRATE JUDGE MORGAN

**DERRICK LEE SMITH** vs. **WARDEN DOUGLAS VASBINDER**
Petitioner Respondent,

The Attorney General of the State of Michigan: **MICHAEL COX**

FILED
NOV 23 2004
CLERK'S OFFICE, DETROIT-PSG
U.S. DISTRICT COURT

**PETITION**

1. Court which entered judgement under attack: Third Judicial Circuit Court for the county of Wayne. Honorable Harvey F. Tennen.

2. Date of Judgement of Conviction: May 1, 1998.

3. Length of Sentence: Six to Fifteen Years for 2 individual counts, served concurrently.

4. Nature of Offenses involved: Two Counts of Criminal Sexual Misconduct in the Third Degree, Concurrent.

5. By plea of Guilty.

6. Does not Apply

7. Does not Apply

8. I testified at my own sentencing and argued my own case at pre-trial conference.

9. Yes, I appeal from the judgement of conviction.

9. I appealed to the:

(a) Third Judicial Circuit Court on Notice of Appeal being signed and delivered to the Court within 42 days of sentence, Motion to correct PSI Report, Writ of Mandamus, Motion to Withdraw Guilty Plea, Motion for Production of Transcripts to effect an appeal, and Motion for Relief from Judgement of Sentence.

(b) I have never received any response from any motions I have ever filed to this very date.

(c) The dates and results of the citations are not known because out of countless Motions filed on postconviction proceedings, I have never received

anything from the Court, nor the Prosecutors at anytime.

(d) Grounds raised were:

Petitioner sought notice of appeal by right with Attorney John Posner and the Court, this was never served and it was never provided to me.

Petitioner filed 10' and 10's of Motion for Production of Transcripts over the period of 5 years for all proceedings in order to effect an appeal, however, each motion filed was never responded to without any explanation from the Court.

Petitioner has MDOC Mailroom receipts/disbursement showing the mailing of these motions with the dates on them to verify the mailing of the Motion for Production of Transcripts, never has there been any decision provided for denying the motion and failing to schedule a hearing on the transcripts and other documents pursuant to MCR 6.433.

Petitioner has requested the transcripts for the first time, and as a result of the Circuit Court's failure to make a decision on the motions filed, Petitioner has been unable to file an Application for Leave to Appeal by Right, and any other Motion and now seeks this Writ of Habeas Corpus.

Petitioner has been denied any response to the Motion for Relief From Judgement and seeks this Court's relief.

Petitioner states that the Plea of Guilty was not clear because Petitioner was not competent enough to offer testimony or give the correct plea.

The Sentencing court accepted the plea while Petitioner was not mentally capable of understanding the plea based upon the fact that petitioner was hospitalized when he was 14 and diagnozed with severe Attention Deficit Disorder and other sicknesses which required petitioner to be treated at Aurora Treatment Center.

This is supported by reviewing petitioner's Presentencing Investigation (PSI) report and Basic Information Sheet which the Prosecutors office had at the time.

There is absolutely no way petitioner was able to do anything at the time of the plea and no way that petitioner could fully understand the plea being taken and understand the consequences at the time of the plea. When Petitioner was in the free-world, petitioner had a payee and someone to make life decisions and handles his affiars for him. The payess, Supervisor and Guardian at the time was Defendant's Mother, Mrs. Rhonda Smith.

There is no way that petitioner should have been expected to fully understand the basis for the plea based on his medically documented and recognized sickness at the time.
The Prosecution and the Court has failed to order the production of transcripts which petitioner has requested over a period of 5 years. These transcripts have only been requested by Petitioner,

noone else has has requested them, and they are necessary to effect an appeal. They were never given, in violation of Court Rule 6.433.

It was determined that petitioner needed supervision at all times when it came to making life decisions, especially in a criminal proceeding, yet no one did anything to check this. Petitioner did not understand the plea taken, did not understand his rights or anything based on the fact that at the time, petitioner would have said anything because of his sickness and medical/mental state of mind which is listed and not fully understood.

The Court should have been aware at the time of the plea process.

Petitioner states that the plea was taken under duress because he had been beaten by the Detroit Police Department and the Wayne County Sheriff's Department because he was serving for a sex crime and while in custody, petitioner had to be taken to a hospital, and the sheriff's told petitioner to tell the nurse that it was an inmate who did it, and that if I didn't please guilty, they would beat me up when I cam back, Petitioner had no choice except to do the plea because sheriff's deputies were right there in the Court room and the police officers stated that she would set me up on more cases, if I didn't plea guilty, so I did.

Petitioner states that he did not waive his rights afforded on appeal because defendant did not fully understand those rights being given up and the consequences for those rights being given up.

The Court should have realized this by viewing petitioner's court record that there was hospitalization for a sickness that affected petitioners life and total state of mind at the time of the plea and defendant was not given any medication as instructed at the time of the proceedings. Despite the fact that the record will state Defendant said that he knew his rights were being given up, petitioner was not in a position to make those decision, his legal guardian was, and she was never called.

Petitioner states that the hearing for the plea of guilty was not conducted properly based on an error of the Court where the error was the petitioner's mental condition from his diagnosed mental problem affecting him prior to sentencing and this sickness did not afford petitioner the ability to fully understand the conditions of his plea, and in order to rectify this error, the Court must set aside the plea.

Petitioner was not mentally competent to stand understand the plea and should have been afforded a hearing based on the fact that respondents was more than aware of petitioners medical conditions.

Petitioner was so sick, he was given medical Social Security Disability payments, as records show.

Michigan Law states that the prosecutor, judge, or defense may

raise the issue of competency at anytime, and the trial judge has a duty to order a mental examination upon a showing that petitioner may have been incompetent trial OR ANY OTHER PROCEEDINGS. This applies to conditions at plea proceedings and has nothing to do with petitioners state of mind now. **MCL 330.2240 MSA §1440 (1024) People vs Spry. 74 Mich App 584 2254 NW, 2d 782 (1977).**

The competency hearing must be held even if the report states that petitioner is competent. Failure to hold a hearing does not require a new trial, but the holding of the hearing postconviction is required if it is found the petitioner was competent. **People b. Blocker, 393 Mich 501, 227 NW 2d 767 (1997).**

Petitioner states that his state of mind was not competent to understand that plea proceedings and based upon the conditions of his being beaten up and having suffered injuries to his head while in the Wayne County Jail on this case , the Wayne County Jail staff had to place petitioner into Administrative Custody, and Petitioner was not able to focus on his defense as a result of being beaten by other prisoners. This placed petitioner's state of mind as being one where he simply wanted to get out of the county jail and the only way to do that was to plead guilty and get to prison, where the conditions are more controlled and affect an appeal.

Petitioner states that he has filed numerous motions for the production of transcripts with the Court and the prosecutors office and has been ignored every step of the way. In petitioners motion pursuant to MCR 6.433, it was the fist time ever requested.

Petitioner states that because the Court and the People has failed to provide any answer or grant the motion, this did deny Petitioner his right to appeal and have all the transcripts and necessary information necessary to effect an appeal, and in doing so, did violate petitioners due process rights.

Circuit Court records will show petitioner has filed numerous motions as listed on the docket entry sheet, and has never received a response.

INCORRECT PRESENTENCE INVESTIGATION REPORT (PSI)

The Plea is invalid because the prior record score is incorrect where it listed petitioner as being on probation at the time of the offense in Macomb County and Wayne County when the crime did not occur as they allege until September 24, 1997 and Petitioner was off probation on 1-3-94 and 8-2-97.

The PSI is wrong because it states Petitioner was on probation for case no. 92-971-FH at the time of the offense when that probation ended on 1-3-97. There is no way that the PSi should have read that petitioner was on probation at the time of the offense when the probation ended on 1-3-97, however, this information was used to sentence petitioner and is still being used By The MDOC, to this very day and it must be corrected.

There is nothing that shows petitioner was on probation to anyone at the time of this alleged offense.

Petitioner has filed 7 Motion to Correct PSI's and there has never been a decision showing that the court has ever ruled on it, ever.. The reasons for any denial are not true, plain and simple.

INVALID PLEA:

The please is invalid for these additional reasons;

The plea agreement failed to state that the jurisdiction of the sentence would be given to the Parole Board, no law was mentioned and nothing has been done to show the parole board would have jurisdiction over petitioners case. No law was discussed by the Court, no one ever told petitioner.

The Plea is not authorized by any law in the State of Michigan.

The Parole Board is not honoring the plea.

The plea stated 6-15 years, it did not state that petitioner would be denied parole by the board, and it failed to state how many years petitioner would actually serve prior to being considered for possible release.

The board was not mentioned as part of the original plea negotiations and has denied petitioner parole twice for reasons that are already considered by the court.

The Prosecutor's office, Parole Board and lower Court are violating the plea agreement and has defaulted based on the following:

"Whoever enters into a contract, plea agreement, plea sentencing agreement, with the state, and has not been released, on or before their ERD Earliest release Date, is entitled to relief under the law, both release from incarceration, plus the right to seek civil damages. The People, at any level are bound by contract, most especially, when government is the party formulating, drafting, approving and making the offer of promises on the table within the negotiation period of the contract, and once offered and accepted, must be honored completely by any entity or government, most especially, parole agency.

See United States v. Jureindni, 846 F.2d (1988). United States Attorney and Parole Commission are agents of government and therefore are bound by what are, in effect, Government promises.

The Plea bargain fails to state what law, or what the parole board would be considering the petitioner for parole and what would happen if petitioner is denied his right to be effectively released. This has nothing to do with the laws governing right to parole, his is part of the Criminal Trial Proceedings area only. No one told petitioner at plea, if he had any rights or that he would be giving up those rights and that petitioner did not waive any rights to parole at the plea, thus negating the plea.

See United States v. Keller, 906 F.2d 1393 (CA 9 1990). Parole Commission is bound by promises made by the Prosecuting Attorney's Office.

Petitioner was under the belief during plea, that based upon the Court, Defense and Prosecutor's that he would be paroled at his minimum, based on the language used, this is supported by the record, it was already mentioned for release of petitioner, therefore, there was no reason to argue it.

The State has failed to uphold their end of the plea bargain.

The message is clear: If the government entered into a contract (Plea Bargain) that was accepted by defense, then every entity of government is bound by that plea agreement and must honor and obey it's order and stipulation.

Petitioner says that at no point during the plea process was the Parole Board mentioned, nowhere in the court record was the board mentioned. Petitioner was sentenced to do time, not be punished for his crime effectively doubly by a board that is prejudiced towards sex offenders and deny parole based on the case being a sex crime period. The Board is a racially charged entity constantly using the term, sex crime as a reason for denial of parole, why should petitioner be denied because of the case he is serving for, is murder different? Petitioner knows what he is serving for, the board should use the factors it is required to use, not information that is what the court already sentences petitioner to, and use information not a part of the trial record, such as OTHER SEX OFFENDERS HISTORY, Petitioner was not sentenced for other prisoners cases, only one, and that is what the board is supposed to be using. The plea failed to state what the rules and infraction would be while Petitioner was in prison, and that the board would give fake recommendations and then when those recommendations are complete, simply deny parole again.

The Plea failed to state that the Board would be using race as a reason for the parole denial where the Board has parole a sex offender, named James Peplinski #251061 who is serving for a CSC and has a history of Past sex Crimes, and is white, while denying petitioner parole, who does not have a history of past sex crimes, and is black, race is not supposed to be used, but the board is using it, look at the facts alone.

Petitioner states that nothing was ever mentioned on the record that the board was part of the plea agreement, and is using an outside party to continually deny parole based on information that cannot be changed.

The People have an obligation and have not net that obligation based on the errors listed above and the failure to state that the word parole would be used in the plea and the fact that the parole board is extremely hard on sex offenders and in doing so, knowingly set petitioner up falsely by failing to state that status of sex offenders being denied parole while in the plea process, and created a cruel and unusual punishment as to being seen by a party not mentioned in the plea and who has nothing to do with the plea, and is prejudiced towards sex offenders and using information that was not part of the original plea process.
The People have failed to mention during the plea process what the rate of parole is for sex offenders and have taken the liberty of sentencing away from the Court by failing to mention that the parole board would give a greater sentence on the minimum which is greater than the Court sentenced petitioner to, despite what law allows the board jurisdiction, it was never mentioned during the plea process, and they had ample time to do so. In doing so, did violate petitioners sentencing guidelines by going over the Court's minimum sentence imposed. The People have violated recent United States Supreme Court Ruling in Blakely vs Washington.

MCR requires that an accurate PSI is prepared before sentencing Defendant.

Petitioner raised all the objections necessary, but the court did not care. The Lower Court has sentenced petitioner with an inaccurate PSI where the PSI states that petitioner was on probation in Macomb County for Attempted Larceny over 100 at the time of the offense. This is inaccurate because the probation was over prior to this case allegedly being committed. The People cannot even do simply math. Probation ended 1-3-97, the case allegedly occurred on 9-24-97, what can be more obvious??? Yet, they still prepared an inaccurate PSI and sentenced Petitioner, the Court received a Motion to Correct PSI Simply said, I don't know what your talking about, it is so obvious, but they are not listening or doing anything about it, and the MDOC is still using that inaccurate information against Petitioner.

The PSI stated that there is a pending probation violation used before sentencing, there was no PV hearing ever done because there never was a probation violation done, the probation ended months before this case was ever done.

The lower court violated petitioners constitutional rights, due process and MCR 6.425 which clearly states that the Court will use an accurate PSI before sentencing Petitioner, and it is not accurate, no matter how many motion Petitioner filed and letters of proof from judges, the Court simply did not respond, period.

The Court, at all State Levels, Prosecutor's Office, Agent who prepared the PSI, and the Attorney General's office has ingnored all letters, motions and other correspondence to this date regarding the correction of these errors.

The responsibility of the failure to correct any of these errors lies soley with the Court room of Harvey F. Tennen after his office failed to rule on any of the motions presented by Defense Counsel and Defendant over the entire length of incarceration.

The Parole Guideline Scoring Unit has improperly calculated that petitioner was on Probation and Parole at the time of the instant offense when the probation was ended prior to received this case, The Parole Board has given an interview stating Petitioner was on parole and probation at the time of the offense, and the board has denied parole based on the reasons that petitioner was on parole and probation at the time of the offense.

Petitioner has provided proof to the Parole Board that he was not on probation at the time of the offense, yet, the Board has failed to give a new interview, and new decision saying that the information was taken from the PSI. This is not true.

Petitioner filed a Write of Mandamus to the Ingham County Circuit Court on September 23, 2004, but was unable to continue the case based on lack of funds to pay an initial partial filing fee. Summarily getting the case dismissed.

Petitioner has filed grievances stating that the probation information used in the Scoring Unit for parole probability score as an average, interview and decision was wrong, and the Respondents have failed to take corrective action.

Policy Directive 06.05.04 (i), 06.05.104 and Rule 791.116 states if it is [illegible] calculating a Prisoner for parole, the Scoring unit of the parole board shall recalculate the sheet, and reconsider Petitioner for parole.

Next page lists all reasons for Mandamus or Habease Coprus intervention by this Court.

(e) Further review was sought on appeal to a higher court:
Court of Appeals, State of Michigan, Michigan Supreme Court, by filing appeal of Motion to Withdraw Guilty Plea, Motion to Correct PSI, Motion for Relief From Judgement and Writ of Mandamus, and to this day, there has never been a response from the Court, the Clerk's no one has filed anything as of yet....
Grounds Raised are the same grounds raised in this Application for Habeas Corpus.

10. Other than a direct appeal from the judgement of conviction and sentence, I have only filed complaint for writ of mandamus to the Ingham County Circuit Court, and the Macomb County Circuit Court for review of the parole board's decisions, and the inaccurate information contained within my PSI regarding probation to Macomb County.

I never received an evidentiary hearing on any of my motions.

My Motion to Correct PSI, Motion for Injunction/Order was for the Macomb County Circuit Court to instruct the MDOC and Board to stop using information stating that I was on Probation when I caught the present offense. The Macomb Circuit Court responded by writing a letter to the Respondents telling them when I was on probation, and verifying my claim, and to this day, the Respondents have failed to give a new score sheet, new interview, and new decision.

My conviction was obtained with a forced confession where I stated earlier that I was beaten and that I was told if I did not do as I was told, I would beaten when I returned from Court.

I was denied the right to appeal where the Court never answered my Notice of Intent seeking appeal, Request for Appointment of Counsel on Appeal, My Attorney John Posner never provided the Notice to the Court, I never received my transcripts after filing countless motion for production of transcripts per MCR 6.433, and other motions to my sentencing Judge. I have been denied the right to appeal where nothing I ever sent to the Prosecutor's office, nor the Court was ever answered, at anytime of my incarcerations, and without the transcripts, after only being requested by me, I was denied the right to have all the information available in my proceedings in order to effect an appeal. Nothing I have ever sent to the Court requesting my transcripts was ever returned to me, no hearing ever granted, nothing was ever done, ever!

I was sentence improperly where the Court used an incorrect PSI stating I was on probation at the time of the offense, and that I had a pending probation violation in Macomb County when the Probation ended on 1-3-97, and the case I am serving for now did not occur as the state alleges until 9-24-97, and when I tried to correct the PSI, the Court never answered, after about 5 motions were filed, the Court simply never bothered to answer any of the Motion to Correct PSI's, ever.
I was denied effective assistance of counsel where I had to argue my own bond reduction and represent myself in the presence of Attorney Posner and he did not know how to argue in my best interest, where I argued successfully that I could represent myself and counsel failed to withdraw upon my request due to differences on his own part and the lack of his ability to challenge evidence and information accurately.
I did not fully understand the plea, no matter what the record says, my designated speaker was supposed to speak up for me, and the Court failed to

call her, (Mrs. Rhonda Smith). My Mother stated that she knew about what the reasons for the women saying that a CSC had occurred, and it was because we were all involved in a sexual relationships and that they did not want their boyfriend and Husband to find out so they fabricated the story that I had raped them, and when I was out on bond, the police officer in my case, Aleda Mcniel pressed her own charge up against me, and this resulted in my taking a plea, but my alibi was never admitted into evidence, I stated I was home on the night of this rape, but it was never asked of my Mother nor the rest of the people who were in my home when this allegedly occurred, I ultimately took the plea, out of fear, and being induced by the People, off the record..

All my grounds are raised in the complaint for Mandamus, and the Motion for Relief from Judgements which I have put in this application.

14. All my motions I have filed have never been answered by the Circuit Court, and based upon past experience, I do not foresee the Court ever answering anything I have filed, so my answer to this question would be NO!

15. John Posner represented my at my appearance in Circuit Court, and I argued my own case at Bond Hearing and Pre-trial Conference, I had Mr. Posner for sentencing, and I did as the police, sheriffs and court told me to do, outside of session. I do not know all the sessions that Mr. Posner Represented me because it has been so long ago, and the People, and Court have failed to give me my transcripts and other documents to effectively do an appeal and find this information out.

16. There was no DNA done to verify that the crime was committed by me.

17. I do not have any future sentence to serve after I complete the sentence imposed by the judgement under attack.

I seek to have this Court Vacate the Plea, vacate the Conviction, Order New proceedings, order a hearing on competency, order the release of Petitioner pending new decision, Order new parole board hearing, order new decision, order PSI is corrected, order the production of transcripts, order Respondents to comply with all the rules listed in mandamus, and grant new plea negotiations.

WHEREFORE, Movant prays that the Court will grant him all the relief he may be entitled to in this proceedings.

Pro Per Petitioner

I declare under penalty of perjury that the foregoing is true and correct.

Derrick Lee Smith

November 17, 2004

COMPLAINT FOR MANDAMUS

Plaintiff says:

SUMMARY

Plaintiff was convicted of the Crime of CSC Third Degree and sentenced to 6 to 15 years incarceration to begin on May 25, 1998, with and Earliest Possible Parole Date of March 27, 2003. Plaintiff was given an 18 Month continuance by the parole board denying parole making Plaintiff's next ERD September 26, 2004. Plaintiff was given another 12 month continuance on 8-2-04 denying parole and now brings this action for mandamus.

1. Plaintiff is now, and at all times relevant to this complaint has been, a State prisoner in the Custody of the Michigan Department of Corrections and is confined at the G. Robert Cotton Correctional Facility, which is located in the County of Jackson, State of Michigan.

2. Defendant, Michigan Parole Board, is by statute charged with the duty to conduct interview of each prisoners in accordance with Rule 791.7716.

3. Defendant Parole Guideline Scoring Unit of Michigan Parole Board, is charged with the duty to conduct and prepare a Parole Guideline Score Sheet calculating Plaintiff's Probability for Parole with all the Correct information when making the calculation to determine score and probability for prisoner/plaintiff. Pursuant to Policy Directive 06.05.104 & Policy Directive 06.05.100(I).

4. Parole Board Members are charged by statute with basing decisions to deny or grant parole based on all the correct information listed in Plaintiff's institutional and central office file. Pursuant to Rule 791.7716.

5. Defendant, John Robitschun, Chairman of the Michigan Parole Board, is by statute, responsible for the administration and operation of the Michigan Parole Board, Defendant Robitschun is further vested with the authority to conduct interviews and participate in the parole decision making process. MCL 791.232(1);MSA 28.2302(1).

6. Defendant David Kleinhardt is by statute responsible for the Managing of operations within the Michigan Parole Board. He is further vested with the authority to conduct interviews, hear appeals, through the grievance process and participate in the decision making process. See MCL791.232(1);MSA 2302(1).

7. Defendant Vicki Siegrist, Lead Worker of the Parole Guideline

Scoring Unit or the Michigan Parole Board, is charged with preparing and calculating all Parole Guideline Score sheets based on all the facts contained within Prisoner's file to determine Prisoner's probability for Parole. Vicki Siegrist has the authority to hear challenges brought by prisoners stating errors used in the calculating process of the scoring unit, and has the authority to prepare new sheets and instruct the parole board to reconsider entire cases if an error has been determined in the scoring of a prisoner's Parole Guideline Score Sheet. See MDOC/PAROLE BOARD PD 06.05.100(I).

8. Defendant James Quinlan, Parole Board Member, has authority as attained by R791.7716 has the authority to conduct interviews and based his decision to grant or deny parole based on all the correct information and facts contained within prisoner's file.

9. Defendant Margie McNutt, Parole Board Member has the authority under Rule 791.7716 and is charged with conducting the interview according to said rule when basing a decision on facts in institutional file or central office file to deny or grant parole.

10. The Grievance Process is given authority by Policy Directive 03.02.130, and Operating Procedure 03.02.130. this process is to resolve grievances and errors against errors or due process violations on part of the conduct of the Parole Board of Department of Corrections.

11. This action is being brought pursuant to **MCR 3.305(B)(2)(B)(1)** and MCL 600.4401;MSA.27.4401. Jurisdiction of this Writ is also provided by the Parole Board in R 791.7716 having attained jurisdiction.

12. On **January 27, 2004,** a Parole Eligibility Report (PER) was prepared by ARUS Kevin Vanells for submission to the Parlole Guideline Scoring Unit of the Michigan Parole Board.

This (PER) listed a section titled "PRIOR CRIMINAL RECORD" In this section, there was nothing that states Plaintiff was on Probation for the crime of Attempted Larceny over 100 at the time of the offense for which Plaintiff is presently incarcerated.

This PER was done correctly and was forwarded to the Scoring unit for processing Plaintiff's Parole Probability and score as required by Policy Directive 06.05.104 and State Law.

13. On **April 30, 2004,** Plaintiff received a MICHIGAN DEPARTMENT OF CORRECTIONS PAROLE GUIDELINES SCORE SHEET, from the Parole Guideline Scoring Unit.

On this Sheet, Plaintiff observed that in the **PRIOR CRIMINAL RECORD VARIABLES** in which there was a category that stated the following language used in the score:

"On Probation, parole, or delayed sentence at the time of the instant offense, or sentenced because of a probation violation?? (No= 0) (yes= 1) With a score of 1 being taken, my prior criminal record grid was a 6 in my prior criminal record score. Which calculate to a -1 total for Prior Record.

14. I saw that this was an error immediately because I knew that I was not on probation, parole, delayed sentenced at the time of the offense, nor was I sentenced as a result of probation violation. I immediately contacted the Parole Guideline Scoring unit on April 30, 2004, I never received a response. I Spoke with ARUS KEVIN VANELLS on May 6, 2004, who E-mailed the Scoring Unit about the error, they never corrected it and never responded.

15. On May 20. 2004, I Signed for my Notice of Intent to Conduct a Parole Board Interview and Prisoner Rights Receipt as provided by the Parole Board, notifying me that the Board has scheduled me for an interview on **June 28, 2004.**

16. On June 28, Plaintiff was interviewed for parole consideration by James Quinlan, Parole Board Member. During interview, James Quinlan stated that I was a -1 probability for Parole based on the fact hat I was on Probation at the time of the instant offense. I stated that I was not on parole and that the information contained with the PSI which stated I was on Probation was incorrect. I stated that I contacted the PSI Preparer about the error and I was told to contact the Court where I was on Probation to for verification I was not on probation, and that verification would be put in my central office file for review by the Parole Board and that I would get a copy to show the Parole Board.

I presented this letter dated July 11, 2001, from Macomb County Circuit Judge Deborah Servitto stating that I was terminated from Probation successfully with no failures and with improvement on January 3, 1997. The case I am serving for was not committed until September 24, 1997, and there was new way that I could have been on probation for Attempted Larceny over 100 when I committed the instant offense.

Mr. Quinlan, said that he doesn't have to honor any letters from the Court's and that he will make his own decision and that he will decide my case and notify me of the decision. Interview was concluded.

17. On August 2, 2004, Plaintiff received the Parole Board Decision in Which James Quinlan and Margie McNutt made a decision

to deny parole and gave Plaintiff a 12 month continuance with the following reasons listed:

"CORRECTIONAL ADJUSTMENT"

The prisoner's prior postconviction corrections history includes:

Assaultive Behavior on Parole/Probation

Commission of crime while under supervision

A History of probation failure.

18. Plaintiff saw that these three above reason were not true and that the decision and score was based on inaccurate information, and immediately contacted the parole board through Correspondence and Grievances with proof that the scoring was in error and the interview was in error and the decision was in error for reasons not true. Plaintiff sent correspondence and grievances to The Step I Grievance Coordinator of the parole Board, Parole Guideline Scoring Unit, Parole Board Members who interviewed and denied parole, Attorney General Office, to correct the error and was unsuccessful in all attempts.

Administrative Remedies are:

Grievance Identity Number JCF 04.080 2017 06d Mailed To Parole Board regarding Errors of Probation Status discussed During Interview and the Failure to Hold interview in accordance with R791.7716 and PD 06.05.104

Grievance Identity Number JCF 04 080 1926 16D Regarding the error the Scoring unit used when calculating I was on probation at he time of the offense. And Requesting a Corrected score sheet is done and case reconsidered for interview and parole eligibility in accordance with PD 06.05.100(I).

Both done through Step I and Step II with nothing resolves on the date of this filing. Both mailed on 8-2-04 and 8-4-04.

Petition for Corrective Action mailed to the Attorney Generals Office on 9-9-04. Requesting correction of the inaccurate information.

Letter to Case Preparation Unit of Parole Board mailed on 8-2-04 requesting new score sheet is done.

Letter to Vicki Siegrist Lead Worker of Parole Guideline Scoring Unit of Parole Board, Mailed on 8-22-04Step I Grievance Coordinator.

Letter to Ron Carrero, Parole Board Manager, mailed on 8-22-04 Requesting Correction of Errors in Score Sheet, interview and decision.

Office of Policy and Hearing, Requesting new hearing, mailed on 8-2-04only to be denied.

Letter to Michigan Parole Board. Mailed on 8-2-04, Denied

Letter to James Quinlan, mailed on 8-2-04, Denied.

*Wcc*

ALL DENIED BY MDOC/PAROLE BOARD

Each one of these Grievances and Letters sent to the above parties all had supporting documents from the Macomb County Circuit Court verifying that I was not On Probation at the time of the instant offense, That the Probation was terminated on January 3, 1997, and the instant offense Plaintiff is presently incarcerated wasn't committed until September 24, 1997 proving that there was no commission of the crime while under supervision, and that there was no history of probation failure.

These supporting documents were sent to the Parole Board by the Macomb County Circuit Court for case no 92-271-FH. The Case Plaintiff is presently serving for is case no 98-4133. The letters from the Court was in response to a Motion to Correct PSI which was granted to Plaintiff on June 28, 2001, and the results of that order was sent to the MDOC and Michigan Parole Board dated July 11, 2004 verifying that there never was a history of probation failure, no commission of the crime while under supervision, and no assaultive behavior while on probation.

These documents are simply not being honored by the MDOC or the Parole Board.

19. Defendant has requested from the Macomb County Cirult Court in case no 92-271-FH that she contact the Parole Board verifying that I was not on probation. On August 26, 2004, correspondence was sent to the Parole Board stating my status with regard to the probation. To this date, the Parole Board has failed to act on her order.

20. Defendant has filed numerous letter to Court, Attorney Genera's Office, Parole Board and all Defendant's requesting that they correct Plaintiff's Prior Criminal Record Score of a 6 to reflect a 5 based on the fact that there was no probation at he time the present offense was committed. All communication has been in vain and has not been resolved, leaving Plaintiff with no other recourse except to contact this Court for Order and Review.

21. Plaintiff state that Defendant's scored Plaintiff as a 6 in Prior Criminal Record section of Parole Guideline Grid Sheet Score causing a Result of a - 1 total, Plaintiff also states that Defendant scored Plaintiff at a - 4 in the ACTIVE SENTENCE VARIABLES Section stating that the Victim was Held Captive beyond that necessary to commit the crime.

Defendant's are using information that is not on trial record or plea proceedings to state that I held my victim captive beyond that necessary to commit the crime when there is nothing in the Presentence Investigation Report to support it, No the Description of the offense. There was no hostage situation, no

kidnapping, no rope or any other variables that even remotely it the criteria that Plaintiff held the victim beyond that necessary to commit the crime, This -1 point resulted in a - 4 score for the Active Sentence Section, and it is wrong.

22. Policy Directive 06.05.100(I) states clearly that:

"When it is determined that an error was made in calculating a prisoner's parole guideline score, the score shall be recalculated by the Case Preparation Unit. If the prisoner was considered for parole based on the incorrect score, the Parole Board Shall reconsider the case."

Plaintiff has proven that there is an error and the Parole Board and Case Preparation Unit has failed to Comply with PD 06.05.100(I).

Plaintiff states that the error was used at the interview and not conducted in accordance with PD 06.05.104 and R791.7716 where the Parole Interviewer James Quinlan and Decision maker Margie McNutt did not have the correct and up to date information regarding Plaintiff's Active Sentence and Prior Record for Probation Status at the time of the offense.

Plaintiff states that the Reasons listed in the Parole Board Notice of Decision date 8-2-04 are incorrect as that Plaintiff was not on Parole, never had a parole, Plaintiff was not on Probation and never had Any assaultive behavior on probation, Plaintiff did not commit the present offense while on Probation, and Plaintiff does not have a history of Probation failure as the Documents from the Court verify. These documents are provided to the Court verifying that Plaintiff was not on Probation at the time of the offense.

23. Defendant has a clear and mandatory (non-discretionary) legal duty to adhere to Rule 791.7716, Policy Directive 06.05.100(I), Policy Directive 06.05.104 because they are administrative rules promulgated by the MDOC.

24. The Parole Board is required by R791.7716, Policy Directive 06.05.104, to consider all the following factors during an interview and on notice of parole board decision reasons to grant or deny parole:

1. Prior Crimes, including behavior during probation.
2. Institutional Conduct as reflected by misconduct reports and avoiding negative behavior.
3. Institutional program performance, including Therapy reports from Sex offender therapy and Assaultive Offender Programming, vocational counseling, job assignments, and substance abuse.
4. Employment and readiness for employment.

5. Mental Health/Psychiatric History.
6. Readiness to accept responsibility for my own actions-my maturity.
These are all factors that the above rules and policy state must be considered for parole. The Parole Board stated that they would discuss these factors at the interview and on the reasons for parole.

None of the above was done, this is supported by the Interview not being conducted in accordance with R791.7716, and PD 06.05.100, there is nothing listed ion the reasons for denial of parole that shows that Any of the above reasons were considered as to reflect why these programs and factor were completed with outstanding progress, but simply not addressed as reasons for denying parole, when all the above factors exist to show significant improvement has occurred.

The Parole Board, James Quinlan, and MArgie McNutt have failed to list why the above factors were not considered for an average probability for parole prisoner and reasons not true were listed instead of paroling prisoner, or giving reasons why the completions were overlooked. There is nothing that shows that Board considered these factors during the interview when Parole Board Member Quinlan said, "I don't want to look at anything you have done" When the Board agreed to consider the above mentioned factors in the Notice of Intent to Conduct Parole Board Interview.

Plaintiff had a representative who is willing to give a sworn affidavit stating that the Interview was not based on the factor's which were supposed to be discussed in accordance with R791.7716 and PD 06.05.104.

Plaintiff states that the Parole Board Member James Quinlan, and Margie McNutt did not consider all the factors and states that the Defendant's cannot show that it was. Nothing was provided at the interview, nor the Decision listing reasons for denial of parole supporting that the interview was consistent with required rule.

25. No other adequate remedy but mandamus is open to Plaintiff who is contesting Defendant's failure to adhere to Policy Directive 06.05.100(I), PD 06.05.100 and Administrative Rule 791.7716.

26. Immediate action is necessary because Defendant is continuing to use inaccurate and erroneous reasons to improperly score Plaintiff's Probability for parole, To conduct an interview based on inaccurate and erroneous information, and use inaccurate and erroneous information as reason to deny Plaintiff parole.

RELIEF

WHEREFORE, Plaintiff requests that this Honorable Court:

WHEREFORE, Plaintiff requests that this Honorable Court:

A. Schedule this action for an immediate show cause hearing;
B. Issue a writ of mandamus or other appropriate order commanding the Defendant's to comply with Administrative Rule 791.7716, Policy Directive 06.05.100(I), Policy Directive 06.05.104, and immediately discontinue their practice of denying Plaintiff a new Parole Guideline Score Sheet, New interview, and new Decision, and used all the correct information.
C. Order that Plaintiff was not on probation for attempted larceny at the time of the offense because probation ended on 1-3-97 and present offense was not committed until 9-24-97.
D. Order that Plaintiff's Sex Offender Termination Report does show great significant improvement has occurred and that the parole board must acknowledge and review Plaintiff's therapy report during interview and on decision of parole board.
E. Order that the Parole Board must comply with factors listed as being discussed in the Parole Board Notice of Intent to Conduct a Parole Board Interview, as the Denial does not reflect as being done, and interview was not done.
F. Pursuant to MCL 600.4431;MSA 27A.4431, which provides that "[d]amages and costs may be awarded in an action for mandamus," that Plaintiff requests $1000.00 as damages for each intentional and deliberate violation of Rule 791.7716, Policy Directive's 06.05.100(I), and PD 06.05.104. 10 separate violation totaling $2500.00;
G. Allow to Plaintiff his costs and fees, and also grant such additional relief or alternative relief as the Court deems just and proper.

H. Peremptorily, and without the necessity of a proceeding to a full hearing on the merits, issue a writ of mandamus ordering Defendant's to give Plaintiff an immediate interview in accordance with **MCL 791.7716, Policy Directives 06.05.104 and 06.05.100(I).**

Grant any further relief.

I declare that the statements are true to the best of my knowledge, information and belief.

Respectfully submitted,

[signature]

Derrick Lee Smith
Plaintiff in Propria Persona
#267009-TA-73
G. Robert Cotton Corr. Facility
3510 N. Elm Street
Jackson, MI 49201

Dated: September 21, 2004

TABLE OF CONTENTS

PAGE:

Index of Authorities....................ii
Statement of Questions..................iii
Statement of Facts......................1

Argument:

I.

SHOULD A WRIT OF MANDAMUS ISSUE DIRECTING DEFENDANT'S TO CONDUCT AN INTERVIEW OF PLAINTIFF'S CASE WHERE THE ACT, MCL, RULE 791.7716 AND POLICY DIRECTIVE 06.05.104 SPECIFICALLY MANDATE SUCH AN INTERVIEW? ............................................................22 2

II.

SHOULD A WRIT OF MANDAMUS ISSUE DIRECTING DEFENDANT TO PREPARE A NEW NEW PAROLE GUIDELINE SCORE SHEET AND RECONSIDER PLAINTIFF'S CASE WHERE THE SCORE SHEET PREPARED WAS INCORRECT AND PLAINTIFF WAS CONSIDERED FOR PAROLE, AND POLICY DIRECTIVE 06.05.100(I) SPECIFICALLY MANDATES SUCH AN NEW SCORE SHEET AND RECONSIDERATION OF THE CASE......2

Relief requested......................4...................................3
Complaint

# INDEX OF AUTHORITIES


**CASES:**

Fisher v Parole Board, 95-1956-AP, Ingham County Circuit Court, William E. Collette....................Page 3 of Argument

Bell v. Parole Board, 96-15528-AP, Livingston county Circuit Court........................................Page 3 of Argument

Lomax v. Parole Board, 97-200295-AP, Wayne County Circuit Court.

**Statutes:** PAGES

MCL 791.7716 ..........................................1, Argument 1 Complaint

MCL 791.222(1); ......................................1 of Complaint

MCL 600.4431 ..........................................1 of Jurisdiction

MSA 28.2302(1).......................................... Page 3 of Complaint

MSA 27.A.4431

**RULE:** Page

Administrative Rule 791.7716..........................................1 Complaint, Argu

**POLICY DIRECTIVE:** PAGES

Michigan Parole Board and MDOC Policy Directive 06.05.104 1 Comp, Arg

Michigan Parole Board and MDOC Policy Directive 06.05.100(I) 1 Comp, Arg

**ADDITIONAL CASES:** PAGES

Hiltz v. Phil's Quality Market, 417 Mich 335(1983) ............4 of Argument

People v. Tucker, 177 Mich App, lv den 433 Mich 872(1989)...4 of Argument

Smith v. Ruhberg, 167 Mich App 13(1988) ..............................4 of Argument

Wymer v. Holmes, 429 Mich 66(1987)....................................4 of Argument

## STATEMENT OF QUESTIONS

I. SHOULD A WRIT OF MANDAMUS ISSUE DIRECTING DEFENDANT'S TO CONDUCT AN INTERVIEW OF PLAINTIFF'S CASE WHERE THE ACT, MCL RULE 791.7716 AND POLICY DIRECTIVE 06.05.104 SPECIFICALLY MANDATE SUCH AN INTERVIEW?

Plaintiff Contends the answer to this question is,"Yes."

Defendant's have not answered this question.

II. SHOULD A WRIT OF MANDAMUS ISSUE DIRECTING DEFENDANT'S TO PREPARE A NEW PAROLE GUIDELINE SCORE SHEET AND RECONSIDER PLAINTIFF'S CASE WHERE THE SCORE SHEET PREPARED WAS CALCULATED INCORRECTLY AND PLAINTIFF WAS CONSIDERED FOR PAROLE, AND POLICY DIRECTIVE 06.05.100(I) SPECIFICALLY MANDATES SUCH A NEW SCORE SHEET AND RECONSIDERATION OF THE CASE?

Plaintiff contend the answer to this question is, "Yes."

Defendant's have not answered this question.

STATEMENT OF FACTS

This is an original action for mandamus relief.

Plaintiff was sentenced on May 25, 1998, by Judge Harvey F. Tennen, Wayne County Circuit Court, to a term of 6 to 15 years imprisonment for having been convicted on May 1, 1998 of Criminal Sexual Conduct Third Degree. Plaintiff is currently incarcerated at the G. Robert Cotton Correctional Facility.

Pursuant to MCL 791.7716, Plaintiff is entitled to an interview by Defendant Parole Board based on all relevant factors outlined in said rule.

Pursuant to Rule 791.7716, Plaintiff is entitled to an interview and have all the all the factors outlined in Parole Board Notice of Intent considered and discussed during interview and decision making proc ss.

Pursuant to Policy Directive 06.05.104, Plaintiff is entitled to an interview consistent with all relevant information which is to be correct and accurate information when Defendant is calculating Plaintiff's Parole Guideline Score Sheet for Parole Probability

Pursuant to Policy Directive 06.05.100(I), Plaintiff is entitled to a new Parole Guideline Score Sheet with the error corrected and to have Defendant Parole Board reconsider the case.

Rule 791.7716 and PD 06.05.104 states:

"At all interviews, the parole board will consider the following factors:

(1) Statistical Risk
(3) Prior crimes including behavior on Probation.
(5) Institutional conduct (as reflected by misconduct reports, etc.)
(6) Institutional program performance(acedemic, job assignment, vocational, therapy, relapse prevention plans, counseling, substance abuse,etc.)
(7) Employment history and/or readiness for employment.
(9) Mental Health
(10) Parole Plans
(11) Readiness to accept responsibility for own actions-maturity.
(12) Any prior parole board actions in case.

"One member of the parole board shall consider all the above factors when considering a prisoner for parole, and provide reason for not looking or considering any of the above factors.

Plaintiff was considered for parole at an interview conducted on June 28, 2004 by James Quinlan, parole Board Member, and none of the above factors were considered.

Plaintiff was provided with a parole board decision that did not list anything prisoner had done while incarcerated. Defendants provided Plaintiff with a decision that did not address negative behavior having diminished, Therapy reports showing significant improvement, the prior 18 month continuance decision, the relapse prevention plan, termination report from Sex offender therapy showing least likely-hood of re-offense, none of the above factors were considered at the interview and none were addressed in the decision denying parole.

Plaintiff was provided with an inaccurate parole Guideline score sheet where the score sheet state Plaintiff was on probation for case no 92-971-FH at the time of the instant offense resulting in a Prior Record score of 3 and a total prior record score of -1 resulting in an average probability for parole.

Plaintiff was also scored incorrectly in the Active sentence grid where Defendant's stated Plaintiff's victim was held hostage and transported. There was no hostage taking nor was the victim transported as outlined in the description of the offense. This resulted in a -1 score in active sentence section, and is incorrect

Plaintiff brings this mandamus action to compel Defendant's to give immediate interview to Plaintiff as provided by this Statute.

## ARGUMENT

I. SHOULD A WRIT OF MANDAMUS ISSUE DIRECTING DEFENDANT'S TO CONDUCT AN INTERVIEW OF PLAINTIFF'S CASE WHERE THE ACT, MCL, RULE 791.7716 AND POLICY DIRECTIVE 06.05.104 SPECIFICALLY MANDATE SUCH AN INTERVIEW?

Plaintiff states that the Parole Board has failed to consider all the factors as required by mandate when considering Plaintiff for parole. Defendant Parole Board did "not" considering the following factors when consider Plaintiff for parole eligibility:

Did not consider Sex Offender Therapy Termination report showing significant improvement has occurred.

Did not consider Sex Offender relapse prevention plan for parole.

Did not consider Plaintiff's 2 and 1½ years major misconduct free as recommended by parole board on 18 month continuance dated December 20, 2004.

Did not consider Job Placement criteria, Counseling reports and voluntary participation in Substance Abuse class.

Did not consider vocational programming for life skills and trade assistance upon release completion.

Did not consider Plaintiff's Employment history and readiness for employment upon release.

Did not consider Plaintiff's Mental health as indicated by Psychiatric Report from Therapist Swaddling

Did not consider all self help programming which prisoner participated in and completed successfully to better prepare himself for release.

Did not consider Plaintiff's parole plans.

Did not consider Plaintiff's readiness to accept responsibility for actions and maturity, as required for parole release.

Did not consider previous parole board action in Plaintiff's case.

Did not consider any of the programs and recommendation Plaintiff participated in which were recommended and voluntarily taken by Plaintiff.

Defendant's did not consider Plaintiff for Parole on all the information available to them at interview, nor in decision making by Member Margie McNutt, after interview.

**II. SHOULD A WRIT OF MANDAMUS ISSUE DIRECTING DEFENDANT'S TO PREPARE A NEW PAROLE GUIDELINE SCORE SHEET AND RECONSIDER PLAINTIFF'S CASE WHERE THE SCORE SHEET PREPARED WAS INCORRECT AND PLAINTIFF WAS CONSIDERED FOR PAROLE, AND POLICY DIRECTIVE 06.05.100(I) SPECIFICALLY MANDATES SUCH A NEW SCORE SHEET AND RECONSIDERATION OF THE CASE?**

Plaintiff was provided with a Parole Guideline Score Sheet completed on April 30, 2004 by the Parole Guideline Scoring Unit. In the section titled "PRIOR RECORD CRIMINAL VARIABLES" Defendant stated that Plaintiff was on Probation for Attempted Larceny over 100 at the time of the present offense resulting in a score of 6, total prior record score of -1.

Plaintiff provided proof from the Macomb County Circuit Court where Plaintiff was on Probation to, verifying that plaintiff was terminated from Probation on **January 3, 2004,** and the case for which Plaintiff is incarcerated wasn't committed until **September 24, 1997,**

Plaintiff filed a Step I Grievance with his document from the Court requesting that the scoring Unit comply with Policy directive 06.05.100(I) and correct the inaccurate score sheet and reconsider Plaintiff's case. To no avail or resolution.

Plaintiff filed a Motion to Correct PSI and was provide with documentation from Judge Deborah Servitto on July 11, 2001 stating Plaintiff was not on Probation at the time of the offense, Did not Have Assultive Behavior on Probation, Did not commit the crime while under supervision and did not have a history of probation failure.

This documentation was sent to the Parole Board and the MDOC for central office and prisoner's files. Yet, it was not used at any point of the Parole Process, and did deny Plaintiff his Due Process Rights afforded him pursuant to United States Constitution U.S § 1983 and Michigan Constitution of 1963.

Plaintiff requested the Honorable Deborah Servitto contact the Parole Board indicating Plaintiffs probation status, this was done on July 12, 2001 and August 26, 2004.

No communication has ever been honored by Defendants at any time and Defendants refuse to follow Policy Directive 06.05.100(I) which states:

"When it is determined that an error was made in the calculation of a prisoner's score sheet and the prisoner is considered for parole with the inaccurate score sheet, the Case Preparation Unit is to prepare a new score sheet and the prisoners case is to be reconsidered."

Plaintiff has provided proof of the error in the score sheet, and the Scoring unit has failed to comply with the policy to correct it, and the board has failed to reconsider the case, in clear violation of the above policy.

Plaintiffs score should be corrected to a 5 in the prior record score, totalling a 0 instead of a -1.

The active sentence score of -4 should be corrected because there is nothing in the description of the offense or PSI that states the victim was held hostage or transported which can be used to support the -1 in each section. The score should be corrected to a -2.

The Defendant's have failed to comply with any communication or Grievances requesting the correction of these errors when the supporting documents verify Plaintiff is entitled to the relief guaranteed by the above policy and rule.

In Fisher v. Parole Board 95-19468-Ap, Judge William Collette ordered that that Parole Board must discuss and consider all items listed in the Notice of Intent to Conduct a Parole Board Interview.

In Plaintiff's case, the Board has failed to discuss all items listed and provide a reason as to why not looked at and considered in the reasons for denial of parole.

Plaintiff has attempted to resolve this matter through the grievance process, only to be denied. In Fisher v. Parole Board, the Court stated that a grievance is not a resolution and ordered a new interview where all items were discussed as they are listed on the notice of decision.

In Bell v. Parole Board, 96-15228-AP, the Court ordered that the Parole Board explain how the parole guidelines were scored.

In Plaintiff's case, the Prior Record Variables and Active Sentence Variables were scored incorrectly where the Scoring Unit stated that the victim was transported or held captive beyond that necessary to commit the offense, and that Plaintiff was on probation at the time of the offense, even though Plaintiff's

probation ended on 1-3-97, and the Active sentence did not occur until 9-24-97. This information was used in the Parole Guidelines calculation of Plaintiff's parole probability incorrectly. resulting in 2 points being scored incorrectly.

Plaintiff's stated that there was violence or cruelty beyond that necessary to commit the crime, taking away 1 point, Victim transported or held captive beyond that necessary to commit he crime taking away 1 point, and that Plaintiff was on probation, at the time of the offense, taking away 1 point. This leaves an inaccurate score of 3 points being used to score Plaintiff incorrectly.

In the above cases, this Court and other Court's have ruled that the Scoring Unit is incorrect and is not using the correct information to calculate Plaintiff for parole.

The above cases also reflect that the Defendant's have failed to conduct an interview accordingly and supports Plaintiff's claim that the Board has failed miserably in considering all factors as described in the list provided to Plaintiff of what would be considered.

Plaintiff now brings this action to the Court for compelling the Defendant's to comply with PD 06.05.100(I).

Court's are confined to follow and apply the plain meaning of the statutes set forth by the Legislature. Under the plain meaning rule, if the language used by the Legislature is clear and unambiguous, no no judicial interpretation of the statute is permitted. Wymer v. Holmes, 429 Mich 66, 76(1987); People v Tucker, 177 Mich App 174,178 lv den 43 Mich 872(1989). When statutory language is clear and unambiguous, judicial interpretation to vary plain meaning is precluded. The Legislature must have intended the meaning it plainly expressed, and the statute must be enforced as written. Hiltz v. Phil's Quality Market, 417 Mich 335, 343 (1983); Smith v Ruberg, 167 Mich App 13, 16 (1988).

The statutory language in MCL 791.7716, Policy Directive 06.05.104, 06.05.100 is clear and unambiguous and, therefore, the statute must be enforced as written. Plaintiff comes within the language of subsection (I). Thus, the required interview which must be conducted with all correct factors and information and considered during interview, and new score sheet must be honored and adhered to and followed.

## CONCLUSION

Plaintiff states that the Parole Board has failed to provide an interview with all items listed on Notice of Intent being

discussed and considered for parole and failed to list a reason on the Notice of Decision as to why they were not discussed and failed to grant relief on Grievance.

Plaintiff further states that the Parole Guideline Scoring Unit has failed to correct the error's contained within the Score sheet prepared on April 30, 2004 when Plaintiff has provided proof that the Active sentence information is incorrect, and Plaintiff was not on Probation at the time of the offense as documents show Plaintiff was off probation on 1-2007 and present offense occurred on 9-24-04, and the Scoring Unit has failed to comply with PD 06.05.100(I) requiring a new score sheet and reconsideration of the case.

Plaintiff states that the decision and decision-making process is not authorized by law, rule or policy.

A. The Interviewing member, Mr. James Quinlan was personally biased as that previously to employment with the Board, he worked as the Camp Kitwen Superintendent where there are no sex offenders allowed. Anytime a sex offender submits for placement in Camp, they are denied based on the fact they are serving for a sex crime.

This shows that Mr. Quinlan had an established patter of denying sex offenders at all stages and this same patter was brought to the Parole Board and was used as a basis for my interview and the decision.

B. The Parole Board has denied me parole when my Sex Offender Therapy report showed greater improvement has occurred. Yet, these prisoners, who attended the same Sex Offender Programming as myself were all paroled after serving 1 continuance, and some, their first time up. When all our cases are Criminal Sexual Conducts.

These prisoners are:

Neil Beaudoin Released in 2003 at Hiawatha Correctional Facility with no continuance.
Jesse Butter #239042 Released in 2003 at Hiawatha
Jeremey Hankered, released in 2002, Hiawatha
James Pepplinski, #251061, was parole after serving only 1 continuance and has a history of past sex crimes., yet he was parole in 2003 Hiawatha
Steven Blocksom, HTF released in 2002.

These men above all have Sex Crimes, some have done only one continuance, and then were paroled, and some that even had past sex crimes, while serving for CSC.

These men were let out, yet I was denied parole the second time up and I have no history of past sex crimes, with a very good SOT Report.

There is no justification to parole prisoners who only have 2 years served and have the history described above, and then simply deny me parole with inaccurate information.

I request the Court please review this because the Decision is not authorized by law.

Thank you,



# CIVIL COVER SHEET FOR PRISONER CASES

## TO BE FILED IN DUPLICATE WITH EVERY NEW CIVIL ACTION

ORIGINAL

DENISE PAGE HOOD

| | |
|---|---|
| Name of 1st Listed Plaintiff: Derrick Lee Smith | Name of 1st Listed Defendant: Douglas Vasbinder |
| Inmate Number: 267009-TA-73 | Defendant's County of Residence (if located in Michigan) 04-74577 |

Hood/VMM

FACILITIES, LISTED ALPHA BY CITY:

- ☐ PARR HIGHWAY CORRECTIONAL FACILITY, 2727 E. BEECHER STREET, ADRIAN, MI 49221
- ☐ GUS HARRISON CORRECTIONAL FACILITY, P2727 E. BEECHER STREET, ADRIAN, MI 49221, LENAWEE COUNTY CODE: 26091
- ☐ BARAGA MAXIMUM CORRECTIONAL FACILITY, 301 WADAGA ROAD, BARAGA, MI 49908, BARAGA COUNTY CODE: 26013
- ☐ BOYER ROAD CORRECTIONAL FACILITY, 10274 BOYER ROAD, CARSON CITY, MI 48811, MONTCALM COUNTY CODE: 26117
- ☐ FLORENCE CRANE CORRECTIONAL FACILITY, P.O. BOX 307, 38 FOURTH STREET, COLDWATER, MI 49036
- ☐ LAKELAND CORRECTIONAL FACILITY, 141 FIRST STREET, COLDWATER, MI 49036, BRANCH COUNTY CODE: 26023
- ☐ MOUND CORRECTIONAL FACILITY, 17601 MOUND ROAD, DETROIT, MI 48212
- ☐ RYAN CORRECTIONAL FACILITY, 17600 RYAN ROAD, DETROIT, MI 48212
- ☐ WAYNE COUNTY JAIL, 570 CLINTON STREET, DETROIT, MI 48226, WAYNE COUNTY CODE: 26163
- ☐ OAKS CORRECTIONAL FACILITY, P.O. BOX 38, 1500 CABERFAE HWY., EASTLAKE, MI 49626-0038, MANISTEE COUNTY CODE: 26101
- ☐ GENESSE COUNTY JAIL, 1002 S. SAGINAW, FLINT, MI 48502, GENESSE COUNTY CODE; 26049
- ☐ SAGINAW CORRECTIONAL FACILITY, 9625 PIERCE ROAD, FREELAND, MI 48623, SAGINAW COUNTY CODE: 26145
- ☐ WILLIAM DICKERSON FACILITY, 3501 HAMTRAMCK DRIVE, HAMTRAMCK, MI 48211, WAYNE COUNTY CODE: 26163
- ☐ BELLAMY CREEK CORRECTIONAL FACILITY, 1727 W. BLUEWATER HIGHWAY, IONIA, MI 48846
- ☐ IONIA MAXIMUM FACILITY, 1576 W. BLUEWATER HIGHWAY, IONIA, MI 48846
- ☐ DEERFIELD CORRECTIONAL FACILITY, 1755 HARWOOD ROAD, IONIA, MI 48846
- ☐ RIVERSIDE CORRECTIONAL FACILITY, 777 W. RIVERSIDE DRIVE, IONIA, MI 48846
- ☐ HANDLON MICHIGAN TRAINING UNIT, 1728 BLUEWATER HIGHWAY, P.O. BOX 492, IONIA, MI 48846, IONIA COUNTY CODE: 26067
- ☐ COOPER STREET CORRECTIONAL FACILITY, 3100 COOPER STREET, JACKSON, MI 49201
- ☒ G. ROBERT COTTON CORRECTIONAL FACILITY, 3510 N. ELM ROAD, JACKSON, MI 49201



- ☐ CHARLES EGELER RECEPTION AND GUIDANCE CENTER, 3855 COOPER STREET, JACKSON, MI 49201
- ☐ PARNALL CORRECTIONAL FACILITY, 1780 E. PARNALL, JACKSON, MI 49201
- ☐ SOUTHERN MICHIGAN CORRECTIONAL FACILITY, 4010 COOPER STREET, JACKSON, MI 49201, JACKSON COUNTY CODE: 26075
- ☐ CHIPPEWA CORRECTIONAL FACILITY, 4387 W. M-80, KINCHELOE, MI 49784
- ☐ HIAWATHA CORRECTIONAL FACILITY, 4533 MARSHALL ROAD, KINCHELOE, MI 49786-0001
- ☐ STRAITS CORRECTIONAL FACILITY, 4269 W. M-80, KINCHELOE, MI 49784-0001
- ☐ KINROSS CORRECTIONAL FACILITY, 16770 S. WATERTOWER DRIVE, KINCHELOE, MI 49788, CHIPPEWA COUNTY CODE: 26033
- ☐ MARQUETTE BRANCH PRISON, 1968 S. US-41, MARQUETTE, MI 49855, MARQUETTE COUNTY CODE: 26103
- ☐ THUMB CORRECTIONAL FACILITY, 3225 JOHN CONLEY DRIVE, LAPEER, MI 48446, LAPEER COUNTY CODE: 26087
- ☐ FEDERAL CORRECTIONAL INSTUTION - MILAN, P.O. BOX 1000, MILAN, MI 48160-1090, WASHTENAW COUNTY CODE: 26161
- ☐ MACOMB COUNTY JAIL, P.O. BOX 2308, MOUNT CLEMONS, MI 48043, MACOMB COUNTY CODE: 26099
- ☐ MUSKEGON CORRECTIONAL FACILITY, 2400 SHERIDAN DRIVE, MUSKEGON, MI 49442
- ☐ EARNEST C. BROOKS CORRECTIONAL FACILITY, 2500 S. SHERIDAN DRIVE, MUSKEGON HEIGHTS, MI 48444, MUSKEGON COUNTY CODE: 26121
- ☐ ALGER MAXIMUM FACILITY, P.O. BOX 600, INDUSTRIAL PARK DRIVE, MUNISING, MI 49862, ALGER CONTY CODE: 26003
- ☐ MACOMB CORRECTIONAL FACILITY, 34625 26 MILE ROAD, P.O. BOX 480999, NEW HAVEN, MI 48048, MACOMB COUNTY CODE: 26099
- ☐ NEWBERRY CORRECTIONAL FACILITY, 3001 NEWBERRY AVENUE, NEWBERRY, MI 49868, LUCE COUNTY CODE: 26095
- ☐ SCOTT CORRECTIONAL FACILITY, 47500 FIVE MILE ROAD, PLYMOUTH, MI 48170
- ☐ WESTERN WAYNE CORRECTIONAL FACILITY, 48401 FIVE MILE ROAD, PLYMOUTH, MI 48170, WAYNE COUNTY CODE: 26163
- ☐ OAKLAND COUNTY JAIL, P.O. BOX 436017, PONTIAC, MI 48343, OAKLAND COUNTY CODE: 26125
- ☐ MID-MICHIGAN CORRECTIONAL FACILITY, 8201 N. CROSWELL ROAD, ST. LOUIS, MI 48880
- ☐ PINE RIVER CORRECTIONAL FACILITY, 320 N. HUBBARD, ST. LOUIS, MI 48880
- ☐ ST. LOUIS CORRECTIONAL FACILITY, 8585 N. CROSWELL ROAD, ST. LOUIS, MI 48880, GRATIOT COUNTY CODE: 26057
- ☐ STANDISH MAXIMUM CORRECTIONAL FACILITY, 4713 W. M-61, STANDISH, MI 48658, ARENAC COUNTY CODE: 26011
- ☐ HURON VALLEY CENTER, 3511 BEMIS ROAD, YPSILANTI, MI 48197
- ☐ HURON VALLEY MEN'S FACILITY, 3201 BEMIS ROAD, YPSILANTI, MI 48197, WASHTENAW COUNTY CODE: 26161

MAGISTRATE JUDGE MORGAN

*OFFICE USE ONLY*

PLAINTIFF ADDRESS: (IF NOT ABOVE)

~~PLAINTIFF'S COUNTY OF RESIDENCE:~~

BASIS OF JURISDICTION

- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party
- ☐ 4 Diversity

NATURE OF SUIT

- ☐ 510 Motions to Vacate Sentence
- ☒ 530 Habeas Corpus
- ☐ 535 Habeas/Death Penalty
- ☐ 540 Mandamus
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 890 Other

ORIGIN

- ☒ 1 Original Proceeding
- ☐ 2 Removed From State Court
- ☐ 5 Transferred from another District

JURY DEMAND

Check YES only if demanded in complaint

- ☒ No
- ☐ Yes

FEE STATUS

- ☐ IFP In Forma Pauperis
- ☐ WAI Waived
- ☒ PD Fee Paid

CASE OPENING

- ☐ OPEN AS FP
- ☒ OPEN AS CV
- ☐ OPEN AS X
- ☐ CHANGE X TO CV
- ☐ CHANGE X TO FP
- ☐ NO CREDIT REASSIGN TO

INT-0138-MIE Rev. 05/03