UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE SMITH,

      Petitioner,

v.                                   CIVIL ACTION NO. 04-CV-74577-DT
                                 HONORABLE DENISE PAGE HOOD

DOUGLAS VASBINDER,

      Respondent.
_____/

**ORDER REGARDING VARIOUS POST-JUDGMENT MOTIONS
AND
REQUEST FOR CERTIFICATE OF APPEALABILITY
AND TO PROCEED IN FORMA PAUPERIS**

**I.  INTRODUCTION**

      This matter is before the Court on various post-judgment motions filed by Petitioner. On December 30, 2004, the Court entered a Judgment and Order dismissing, without prejudice, the Petition for Writ of Habeas Corpus on non-exhaustion grounds. Petitioner filed a Motion for Reconsideration on January 10, 2005, which was denied by the Court on a March 4, 2005 Order.

      Petitioner filed two Notices of Appeal on January 19, 2005 and March 17, 2005. Petitioner filed an Application to Proceed In Forma Pauperis on Appeal on March 17, 2005. On April 19, 2005, Petitioner filed a Request for Judgment in Favor of Petitioner for Writ of Habeas Based upon a Sixth Circuit Ruling. Petitioner filed a Motion for Taxation of Costs and Legal Fees on May 16, 2005. Petitioner has again filed two separate Motions for Reconsideration on June 13 and 29, 2005.

1

## II.  DISCUSSION

### A.  Certificate of Appealability/Application to Proceed In Forma Pauperis

Petitioner seeks a certificate of appealability and to proceed in forma pauperis on appeal.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue.  28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims.  *Id.* at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *See Slack*, 529 U.S. at 484-85.  When a plain procedural bar is present and the

district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal is warranted. *Id.*

As discussed in this Court's dismissal order, Petitioner has failed to fully exhaust state court remedies with respect to his habeas claims as he has matters pending in the state courts. Petitioner has available avenues for relief in the state court system which must be completed before he may proceed in federal court. The fact that a delay of some months has occurred in the state courts in the adjudication of Petitioner's post-conviction motions does not relieve him of his obligation to exhaust his state court remedies. *See Brownson v. Gudmanson,* 926 F. Supp. 833, 834 (E.D. Wis. 1996). Petitioner has not shown that reasonable jurists would find this Court's non-prejudicial dismissal of his habeas petition on exhaustion grounds debatable. Petitioner's motion for certificate of appealability is denied. Given this determination, the Court also denies Petitioner's request to proceed on appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a).

### B. Request for Judgment in Favor of Petitioner for Writ of Habeas Based Upon Sixth Circuit Ruling and Two Motions for Reconsideration

Petitioner's "Request for Judgment in Favor of Petitioner for Writ of Habeas Corpus Based upon 6th Circuit Court Ruling" is essentially a reconsideration of this Court's non-prejudicial dismissal of his federal habeas petition on exhaustion grounds based upon *Turner v. Bagley*, 401 F.3d 718 (6th Cir. 2005) (excusing exhaustion where the petitioner showed that his Ohio appeal languished on the court's docket for 11 years without meaningful attention).

The Court, however, has already denied an previous motion for reconsideration in which he argued that the exhaustion requirement should be excused. A motion for reconsideration which presents issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *See, e.g., Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); E.D. Mich.

L.R. 7.1(g). Petitioner has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(g)(3). As noted in the Court's prior order, Petitioner must demonstrate that he has made the appropriate filings in the state courts, that those filings were received and docketed, and that the filings have been unanswered for a lengthy period of time. Petitioner has not done so. If and when he is able to make such a showing, he may file a new petition for writ of habeas corpus. The Court notes that the documents submitted by Petitioner on March 17, 2005 attached to the document entitled "Petitioner's Compliance with Court Request for Documents ...," Petitioner submitted various documents from the Department of Corrections showing various legal mail from Petitioner to various courts and the probation department, as early as 2001. These documents do not show exhaustion or remedies. Some of the documents note different case numbers and were sent to different judges. The Court denies Petitioner's request for judgment.

On June 13, 2005, Petitioner filed a document entitled, "Refiling of Motion for Reconsideration." Petitioner again seeks reconsideration of this Court's non-prejudicial dismissal of his federal habeas petition on exhaustion grounds. Petitioner contends that he has made several filing in the state courts in an effort to exhaust his habeas claims, but that those filings have not been addressed. As noted above, the Court has already denied Petitioner's motion for reconsideration in which he argued that the exhaustion requirement should be excused. To justify a waiver of the exhaustion requirement, Petitioner must demonstrate that he has made the appropriate filings in the state courts, that those filings were received and docketed, and that the filings have been unanswered for a lengthy period of time. Petitioner has not done so. Petitioner's pleadings only indicate that

he mailed some materials to the state courts. They do not indicate that those filings were proper, received, and docketed. Consequently, Petitioner has also not shown that properly-filed pleadings have been pending in the state courts for a lengthy period of time. Petitioner's Refiling of Motion for Reconsideration is denied.

Petitioner filed a document entitled, "Application for Writ of Habeas Corpus Motion for Reconsideration of Dismissal Without Prejudice in Case No. 04-CV-74577-DT Honorable Denise Page Hood," on June 29, 2005. Petitioner restates his previous arguments, including his argument regarding the *Turner* case issued by the Sixth Circuit, and the merits of his petition. As the Court noted above, Petitioner has not met the criteria set forth in *Turner.* Petitioner indicates on page 2 of this document that he has had several appeals pending in the sentencing court and the appellate courts and that he had not heard anything from any of the courts. However, on the last page of this document, Petitioner notes that he was convicted on May 1, 1998 and sentenced on May 26, 1998 before the Honorable Harvey F. Tennen. (See Docket No. 16, p. 11) Petitioner goes on to state that, "the only other thing I have filed in this matter is this application for writ of habeas corpus directly attacking my judgment of conviction in the sentencing court." *Id.* This statement conflicts with the statements made earlier in the document. This statement indicates that Petitioner has failed to exhaust all state remedies, including any post-conviction motions and any appeals to Michigan's Court of Appeals and Supreme Court. As the Court noted in its Order dismissing the habeas petition, the burden is on the petitioner to prove exhaustion and, in this case, Petitioner has not met this burden. (Dec. 30, 2004 Opinion and Order, p. 2) Nothing in the documents submitted by Petitioner show that Petitioner has exhausted his state remedies.

C.     **Motion for Costs**

On May 16, 2005, Petitioner filed a "Motion for Taxation of Costs and Legal Fees." Petitioner claims that he received a favorable ruling on a grievance he filed with the Department of Corrections. Petitioner argues he is entitled to costs because of the favorable ruling and because of their total disregard for his due process rights. The Court dismissed Petitioner's habeas corpus petition without prejudice for failure to fully exhaust state court remedies. Regardless of any relief Petitioner may have received through the prison grievance procedure, Petitioner was not a prevailing party in *this* habeas action. *See* Fed. R. Civ. P. 54(d). Petitioner is not entitled to costs and fees.

**III.    CONCLUSION**

For the reasons set forth above,

IT IS ORDERED that a Certificate of Appealability not issue in this case and Petitioner's Application to Proceed In Forma Pauperis **(Docket No. 11, filed March 17, 2005)** is DENIED.

IT IS FURTHER ORDERED that Petitioner's Request for Judgment in Favor of Petitioner for Writ of Habeas Based Upon 6th Circuit Ruling **(Docket No. 13, filed April 19, 2005)** is DENIED.

IT IS FURTHER ORDERED that Petitioner's Motion for Taxation of Costs and Legal Fees **(Docket No. 14, filed May 16, 2005)** is DENIED.

IT IS FURTHER ORDERED that Petitioner's "Refiling of Motion for Reconsideration" **(Docket No. 15, filed June 13, 2005)** is DENIED.

IT IS FURTHER ORDERED that Petitioner's "Application for Writ of Habeas Corpus Motion for Reconsideration of Dismissal Without Prejudice in Case No. 04-CV-74577-DT Honorable Denise Page Hood" **(Docket No. 16, filed June 29, 2005)** is DENIED.

       /s/ DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED: July 25, 2005